UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

DANIEL BERNARDIN,

                Appellant,

   -against-

EXR LLC *et al.*,

                Appellees.

---------------------------------------------------------------X

DANIEL BERNARDIN,

                Appellant,

   -against-

EXR LLC,

                Appellee.

---------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

21-CV-1152 (WFK)(JMW)

21-CV-00382 (WFK)(JMW)

**A P P E A R A N C E S:**

Daniel Bernardin
27 B Hendrickson Avenue
Hempstead, NY 11550
*Appearing Pro Se*

Alan H Weinreb, Esq.
**Margolin, Weinreb & Nierer, LLP**
165 Eileen Way, Suite 101
Syosset, NY 11791
*Attorney for EXR LLC*

1

Georgia Papazis, Esq.
**Hertz, Cherson & Rosenthal, P.C.**
118-35 Queens Boulevard, 9th Floor
Forest Hills, NY 11375
*Attorney for Retained Realty, Inc. in 21-cv-1152*

Georgia Papazis, Esq.
Howard S. Levine, Esq.
Janet Klein Goldstein, Esq.
**Hertz, Cherson & Rosenthal, P.C.**
118-35 Queens Boulevard, 9th Floor
Forest Hills, NY 11375
*Attorneys for Retained Realty, Inc. and Emigrant Bank in 21-cv-0382*

Allan B. Mendelsohn
38 New Street
Huntington, NY 11743
*Appearing Pro Se, Chapter 7 Trustee*

Stan Yuon Yang, Esq.
Christine Black, Esq.
**Office of US Trustee**
560 Federal Plaza
Central Islip, NY 11722
*Attorneys for United States Trustee*

**WICKS,** Magistrate Judge:

Before the Court is *pro se* Appellant Daniel Bernardin's latest endeavor in a long string of bids to obtain relief from a state court eviction. Bernardin appeals several orders issued by the Hon. Robert E. Grossman, U.S. Bankruptcy Judge, in two related cases: 21-cv-1152 and 21-cv-0382. Namely, he appeals (1) Judge Grossman's December 30, 2020 Order denying his motion to stay the state court eviction order and (2) Judge Grossman's February 9, 2021 Order denying (i) his motion to reopen his bankruptcy case including his motion to vacate the state court orders; (ii) his motion to amend the Chapter 7 Application; and (iii) his motion to avoid lien with Emigrant and debts against coop apartment shares. Appellees, Retained Realty Inc. ("Retained")

2

and Emigrant Bank ("Emigrant"), strenuously oppose the appeals. These appeals were referred to the undersigned for a Report and Recommendation.

For the reasons set forth below, the undersigned respectfully recommends that Judge Grossman's Orders be affirmed on numerous grounds. The undersigned explores each ground below in the alternative in the event the District Judge disagrees with a particular recommendation.

## FACTUAL BACKGROUND

### A. The Loan and Eventual Foreclosure

Retained is a subsidiary of Emigrant and manages and sells collateral obtained after a foreclosure sale to satisfy debts owed to Emigrant. (21-cv-1152 at DE 6 at 107.) On July 22, 2008, Bernardin signed a Collateral Note and Security Agreement for a $41,250 loan in favor of Emigrant which secured the shares and lease that encumbered the Property at 27 Hendrickson Avenue, Apt. B, Hempstead, NY 11550 ("Property"). (*Id.* at 70.) Bernardin agreed to make monthly payments of $373.48 at an annual interest rate of 10.375% until August 1, 2038. (*Id.*)

When Bernardin defaulted on his loan payments, Emigrant Bank served him a notice stating that the shares and right to the Property's lease would be auctioned pursuant to Article 9 of the New York Uniform Commercial Code. (*Id.* at 70-71.) The Property was publicly auctioned on October 11, 2016. (*Id.* at 71.) Emigrant was the successful bidder who then assigned its interests to its subsidiary, Retained, on April 20, 2017 through an Assignment of Bid. (*Id.*) Retained once again assigned its rights to another party, EXR, LLC, which then served a Notice to Quit upon Bernardin on July 13, 2020, demanding that he vacate the Property by August 5, 2020. *See* Order at 2, *Retained Realty, Inc. v. Daniel Bernardin et al.*, No. 607139/2017 (Nassau Cty. Sup. Ct. November 23, 2020), NYSCEF 85.

### B. The State Court Action and Re-Opening the Bankruptcy Action

On June 19, 2015, Bernardin filed a Chapter 7 petition in Federal Bankruptcy Court in this District. Chapter 7 Voluntary Petition, *In re Bernardin*, No. 15-72628 (REG) (Bankr. E.D.N.Y. June 19, 2015), ECF No. 1. Bernardin was informed on September 23, 2015 by the Bankruptcy Court that his remaining unpaid loan payments of $50,326 to Emigrant were discharged. (21-cv-0382 at DE 7 at 2.) The bankruptcy case was then closed. Electronic Order, *In re Bernardin*, No. 15-72628 (REG) (Bankr. E.D.N.Y. Sept. 23, 2015.).

On May 31, 2017, Retained served a Notice to Quit on Bernardin which stated that he must vacate the Property by June 19, 2017. Decision and Order on Motion at 3, *Retained Realty, Inc.,* No. 607139/2017 (Nassau Cty. Sup. Ct. Apr. 11, 2018), NYSCEF 32. Bernardin failed to vacate the Property on that date and then sent harassing and threatening communications to Retained's office and its employees. *Id*. at 1. On July 20, 2017, Retained commenced an ejectment action in the Nassau County Supreme Court of New York (No. 607139/2017) to obtain possession of the Property. When Bernardin failed to appear to defend his case, Retained moved for default judgment against him. *Id.* at 5.

On April 11, 2018, Justice Anna R. Anzalone addressed Retained's motions to enjoin Bernardin from harassing Retained and for default judgment against Bernardin for his failure to respond to the summons and complaint. Decision and Order on Motion at 1, *Retained Realty, Inc.,* No. 607139/2017 (Nassau Cty. Sup. Ct. Apr. 11, 2018), NYSCEF 32. The court granted Retained's motions in full, finding that it sufficiently alleged the requisite elements to prevail on a motion for a permanent injunction. *Id*. at 4. Justice Anzalone found that Retained was entitled to a writ of assistance from the Nassau County Sheriff, directing Bernardin to vacate the Property. *Id*.

Rather than appeal or seek reargument, Bernardin filed various motions in state court including (i) a motion to vacate the April 2018 state court order and to stay his removal from the Property; (ii) a motion for default judgment against Retained and EXR; and (iii) a motion for adjournment of adjudication of the motion to vacate. Order at 1-3, *Retained Realty, Inc.,* No. 607139/2017 (Nassau Cty. Sup. Ct. Nov. 23, 2020), NYSCEF 85. Justice Dicca T. Pineda-Kirwan's denied all of Bernardin's motions on November 12, 2020. *Id.* On August 31, 2022, the state court issued an order "enjoin[ing] [Bernardin] from any future state Court filings and 'from bringing any future actions in the New York State Unified Court System'" without prior court approval. Order at 1, *Retained Realty, Inc.*, No. 607139/2017 (Nassau Cty. Sup. Ct. Aug. 31, 2022), NYSCEF 106.

On December 18, 2020, Bernardin sought to re-open the bankruptcy case, which was closed in September 2015, this time seeking the same relief denied by the state court in the ejection action against him. (21-cv-0382 at DE 6 at 4 n.4.) Bernardin petitioned the Bankruptcy Court to vacate Justice Anna R. Anzalone's April 11, 2018 Order as well as Justice Dicca T. Pineda-Kirwan's November 12, 2020 Order. Motion to Re-Open Case, *In re Bernardin*, No. 15-72628 (REG) (Bankr. E.D.N.Y. Dec. 18, 2020), ECF No. 29. Bernardin stated that he was previously discharged from his debt and is protected by the New York Homestead Exemption for up to $170,825 because the apartment and accompanying shares he owes is his primary residence. *Id.* He stated that Judge Grossman directed the parties to appear at a motion hearing on January 25, 2021 to address Bernardin's motion to vacate the April 11, 2018 and November 12, 2020 state court orders. *Id.* at 3.

On December 29, 2020, Bernardin filed an emergency motion to show cause in Bankruptcy Court seeking a stay of the state court's April 11, 2018 eviction order and any writ of

5

assistance to the Nassau County Sheriff to evict him until his motion to vacate both state court orders were "fully adjudicated." (21-cv-0382 at DE 1 at 3.) However, the following day, Bankruptcy Judge Grossman found "no legal basis to enter a stay of any proceeding" pending a hearing on the motion and accordingly denied Bernardin's motion. (*Id.*) The court then directed parties to appear at the telephone hearing on January 25, 2021 to consider the remaining relief on his other motions. (*Id.* at 3-4.)

In January 2021, Bernardin also filed a motion in Bankruptcy Court to "correct[] a harmless and inadvertent error and oversight." (21-cv-1152 at DE 4 at 2.) The error Bernardin refers to is that he intended to include Schedule C-property as exempt property which was initially placed under Schedule-A real property back in 2015 and thus omitted from Schedule-C property. (*Id.* at 3.) At the January 25, 2021 hearing, Nehemiah Rolle Jr., Bernardin's alleged power of attorney[1] and paralegal, appeared on Bernardin's behalf. Judge Grossman denied several of Bernardin's motions and instructed Rolle Jr. that he could not represent Bernardin given that he was not a licensed attorney. *See* Recording of Motion Hearing at 15:06:36-15:12:03, *In re Bernardin*, No. 15-72628 (REG) (Bankr. E.D.N.Y. Jan. 25, 2021) ("Motion Hearing").

On February 9, 2021, Judge Grossman denied Bernardin's (i) motion to reopen his bankruptcy case including his motion to vacate the state court orders; (ii) his motion to amend the Chapter 7 Application; and (iii) his motion to avoid lien with Emigrant and debts against

---

[1] Bernardin has not submitted any publicly filed documents prior to the January 2021 hearing that definitively establishes whether Rolle is in fact Bernardin's power of attorney. (*See* 21-cv-1152 at DE 7 at 9) ("…Rolle…is my legal Power Attorney and my Paralegal….") However, there are documents filed in both the State Court and Bankruptcy Court demonstrating that Rolle was responsible for serving various documents upon the opposing parties. *See eg.* Motion at 2, *In re Bernardin*, No. 15-72628 (REG) (Bankr. E.D.N.Y. Dec. 21, 2020), ECF No. 25; *see also* Sur-Reply at 6, *Retained Realty, Inc. v. Bernardin.*, No. 607139/2017 (Nassau Cty. Sup. Ct. Aug. 27, 2020), NYSCEF 78.

6

coop apartment shares. Order, *In re Bernardin*, No. 15-72628 (REG) (Bankr. E.D.N.Y. Feb. 9, 2021), ECF No. 44.

### C. District Court Dockets

Bernardin appealed two of Judge Grossman's Orders to this Court, each of which were assigned different case numbers: 21-cv-0382 and 21-cv-1152. Specifically, on January 22, 2021, Bernardin filed his Notice of Appeal specifically appealing Judge Grossman's denial of a stay of the state court eviction order on December 30, 2020. Transmittal of Notice of Appeal, *In re Bernardin*, No. 15-72628 (REG) (Bankr. E.D.N.Y. Jan. 22, 2021), ECF No. 38; (21-cv-0382 at DE 1-1.) And on March 3, 2021, he filed his Notice of Appeal appealing Judge Grossman's denial of several motions from an Order dated February 9, 2021.[2] (21-cv-1152 at DE 1 at 18.)

All parties filed their respective briefs in 21-cv-0382 by June 29, 2021. (*Id*. at DE 5-7.) As for Bernardin's other case, all papers were filed by May 4, 2021. (21-cv-0382 at DE 6-9; DE 11.) And, on May 23, 2023, these motions were respectfully referred to the undersigned for a Report and Recommendation by the Hon. William F. Kuntz, II. (21-cv-1152 at DE 8); (21-cv-0382 at DE 12.)

The undersigned has combed through the record and has gleaned different bases for *pro se* Appellant's appeals from his papers. Of relevance here, regarding 21-cv-0382, Bernardin requests that the Court grant his motion for a stay of the State Court eviction order because he still has pending motions in the state court, and he would suffer "irreparable harm" if he were to lose his Property. (21-cv-0382 at DE 7 at 3-4.) Regarding 21-cv-1152, Bernardin alleges there

---

[2] The motions denied were Bernardin's motion to re-open his chapter 7 case, his motion to avoid the Emigrant lien and debts, and the motion to vacate the state court orders; and the motion to amend his chapter 7 application *nunc pro tunc* to include Schedule C property that was originally under schedule A. *See* Motion to Re-Open Case, *In re Bernardin*, No. 15-72628 (REG) (Bankr. E.D.N.Y. Dec. 18, 2020), ECF No. 29; *id*. at ECF No. 32.

7

was a violation of constitutional rights in the denial of his motions and that Judge Grossman incorrectly denied his motions at the January 25, 2021 hearing based on his failure to appear. (21-cv-1152 at DE 4 at 4.)

Emigrant, however, maintains that the relief Bernardin seeks is moot because Retained no longer owns the Property; EXR LLC does. (21-cv-0382 at DE 6 at 1-2.) It also asserts that the bankruptcy court correctly denied the stay of the state court ejectment action for several reasons because (1) the bankruptcy court exercises appellate review of state court decisions; (2) the issuance of a temporary restraining order or preliminary injunction is an "extraordinary remedy" within the court's discretion; and (3) Bernardin cannot establish the requirements necessary for such relief. (*Id.* at 2-4.) Similarly, Emigrant argues that the bankruptcy courts cannot grant Bernardin's requested relief because they cannot vacate state court orders. (21-cv-1152 at DE 5 at 3.) Further, Emigrant states that there was no constitutional violation as to its actions because the conduct was purely private in nature. (*Id.* at 5.) And it states that Bernardin's argument that he was present at the bankruptcy court motion hearing is not a ground for reversal because there is no basis in law or fact nor is it true. (*Id.* at 3.)

The undersigned analyzes the parties' arguments considering whether (1) the claim to vacate the state court judgment is barred under the *Rooker-Feldman* doctrine; (2) Bernardin's appeal is moot considering that the Property has been sold; (3) Bernardin suffered from any constitutional violations because he did not have a motion hearing on all of his pending motions; and (4) Bernardin's alleged appearance at the motion hearing through his paralegal is a basis for reversal of Judge Grossman's Order.

## LEGAL STANDARD

District courts have jurisdiction to review a bankruptcy court's final order. 28 U.S.C. § 158(a)(1); *Nath v. Select Portfolio Servicing, Inc. (In re Nath)*, No. 15-cv-3694, No. 16-cv-2032

(KMK), 2017 U.S. Dist. LEXIS 49393, at *4 (S.D.N.Y. Mar. 31, 2017). A district court is required to apply a "clearly erroneous standard of review" to a bankruptcy court's findings of fact, while a *de novo* standard is applied to its conclusions of law or mixed questions. *See In re Bennett Funding Group, Inc.*, 146 F.3d 136, 137 (2d Cir. 1998) (citations omitted); *see also Funding v. Ventura,* 638 B.R. 499, 504 (E.D.N.Y. 2022) (holding that findings of fact are "reviewed for clear error," whereas conclusions of law, or mixed questions of law and fact, are reviewed *de novo*); *In re Porges*, 44 F.3d 159, 162 (2d Cir. 1995) (holding that "conclusions of law made by either the bankruptcy court or the district court on bankruptcy appeal are subject to *de novo* review") (citations omitted).

In a practical sense, what that means is that when reviewing a case *de novo*, a district court is required to make a decision based upon the record below, as if none had been previously rendered by the bankruptcy judge. *See Best Payphones, Inc. v. Manhattan Telecomms. Corp.* (*In re Best Payphones, Inc.*), 432 B.R. 46, 53 (S.D.N.Y. 2010). But when reviewing a bankruptcy court's factual findings for clear error, courts must look to whether there is a "definite and firm conviction that a mistake has been committed." *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir. 1990). And in p*ro se* cases, of course, "[d]istrict courts should liberally construe a *pro se* litigant's submissions and interpret them to raise the strongest arguments that they suggest." *Anzelmo v. Cnty. of Rockland (In re Anzelmo)*, No. 21-cv-2017 (NSR), 2022 U.S. Dist. LEXIS 172891, at *4-5 (S.D.N.Y. Sept. 23, 2022).

## DISCUSSION[3]

### A. *Rooker-Feldman* Doctrine

Bernardin asks this Court to vacate two state court orders while Emigrant argues that the Bankruptcy Court correctly denied Bernardin's motion to vacate those orders. These arguments necessarily implicate an analysis under the *Rooker-Feldman* doctrine.

"Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of state court judgment," which essentially serves as "a form of abstention that applies to both district courts and bankruptcy courts." *New York Cmty. Bank v. Smith*, No. 06-CV-5684 (SCR), 2007 U.S. Dist. LEXIS 113953, at *3 (S.D.N.Y. Aug. 17, 2007); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States [d]istrict [c]ourt has no authority to review final judgments of a state court in judicial proceedings.").

"The Second Circuit has held that the *Rooker-Feldman* doctrine is applicable to debtors' complaints concerning state court foreclosure judgements [sic]." *In re Porzio*, 622 B.R. 134, 139 (D. Conn. 2020) (citing *Barretta v. Wells Fargo Bank, N.A.*, 693 F. App'x 26, 28 (2d Cir. 2017). This doctrine invokes a four-part test whereby (1) the plaintiff must have lost in state court; (2) that plaintiff must be complaining of injuries caused by the state court judgment; (3) plaintiff is "invit[ing] review and rejection of that judgment;" and (4) that state court judgment was

---

[3] Local Civil Rule 7.1 provides that appellate briefs on bankruptcy appeals must comply with Federal Rules of Bankruptcy Procedure 8015 to 8017. *See* Local Civ. R. 7.1. Federal Rule of Bankruptcy Procedure 8015(a)(7)(A) states that reply briefs must not exceed 15 pages unless they are (1) accompanied with a certificate attesting to compliance with the Federal Rules and (2) no more than 6,500 words. *See* Fed. R. Bankr. P. 8015(a)(7)(A), (B). Here, the undersigned respectfully notes that Bernardin's reply brief exceeds the 15-page limit at 23 pages and he has not appended a certificate of compliance as required by the Federal and Local rules. (*See generally* 21-cv-1152 at DE 7.)

rendered before the district court proceedings began. *Rora LLC v. 404 E. 79th St. Lender LLC*, 630 B.R. 876, 883 (E.D.N.Y. 2021) (citations omitted).

Where the appellant loses in state court because of a foreclosure sale judgment, the first element is satisfied. *See Zarour v. JPMorgan Chase Bank, N.A. (In re Zarour)*, No. 22-cv-5058 (VB), 2023 U.S. Dist. LEXIS 42073, at *3, 14 (S.D.N.Y. 2023) (finding it "undisputed" that claimant lost the foreclosure action where the court denied his motion to set aside the final judgment of foreclosure). The second prong is met where the claimant alleges injuries stemming directly from the state court's judgment of foreclosure thus constituting a "direct attack" on that judgment. *In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2022 Bankr. LEXIS 1514, at *30 (Bankr. S.D.N.Y. 2022).

Further, the third element is satisfied if the claimant requests that another court review the state court foreclosure judgment and ultimately reject it. *In re Ditech Holding Corp.*, 2022 Bankr. LEXIS 1514 at *30; *see also Lau v. HSBC Mortg. Corp. (In re Lau)*, No. 20-cv-01930 (ALC), 2021 U.S. Dist. LEXIS 36635, at *12 (S.D.N.Y. 2021) ("Mr. Lau has invited this Court and the Bankruptcy Court to review and reject the State Court's Foreclosure Judgment…."); *Moise v. Ocwen Loan Sevicing LLC (In re Moise)*, 575 B.R. 191, 201 (Bankr. E.D.N.Y. 2017) ("Debtor is requesting that this Court review and set aside the results of the traverse hearing…."). Finally, the fourth prong is satisfied if appellant waited years, for example, to file the district court action after the state court judgment had been entered. *See In re Williams*, Nos. 18-44707, 18-01103, 2020 Bankr. LEXIS 1617, at *76 (Bankr. E.D.N.Y. June 18, 2020).

Here, upon applying a *de novo* review, the undersigned respectfully finds that all four factors of the *Rooker-Feldman* doctrine are satisfied. The first, second, and third prongs of the test are met because it is undisputed that Retained prevailed in state court and Bernardin now

11

requests that the Court grant his motion to vacate the state court orders, which essentially directed Bernardin to vacate the Property, and denied several of Bernardin's motions against Retained. (21-cv-1152 at DE 4 at 1.) And the fourth element is satisfied because the state court judgment was rendered before the district court proceedings began. The state court orders were entered in April 2018 and November 2020 respectively. Bernardin waited until December 2020 to re-open his bankruptcy case and until 2021 to open his case before this Court. This Court does not serve as an appellate court for state court orders.

For these reasons, the undersigned respectfully recommends that the Court affirm the denial of Bernardin's motions to vacate or otherwise modify the state court orders. *See In re Mazzocone*, 183 B.R. 402 (Bankr. E.D. Penn. 1995) (noting that bankruptcy courts should not exercise jurisdiction if another forum would be better suited to deal with parties' disputes); *Nath v. Select Portfolio Servicing, Inc. (In re Nath)*, No. 15-cv-3694, No. 16-cv-2032 (KMK), 2017 U.S. Dist. LEXIS 49393, at *11 (S.D.N.Y. Mar. 31, 2017) (noting that appellant's concerns about the state court's foreclosure judgment would be appropriately raised and pursued in state court); *In re Zarour*, 2023 U.S. Dist. LEXIS 42073 (dismissing appellant's claims for lack of subject matter jurisdiction pursuant to *Rooker-Feldman* and affirming the bankruptcy court's dismissal order).

### B. Mootness

The undersigned next considers whether Bernardin's appeal is moot since the Property has since been auctioned. Bernardin asks this Court to grant a stay of the state court's eviction order, which had already been denied by Judge Grossman. Order, *In re Bernardin*, No. 15-72628 (REG) (Bankr. E.D.N.Y. Dec. 30, 2020), ECF No. 27. Emigrant, on the other hand, states that Bernardin cannot show the elements necessary for a stay, which requires, *inter alia,* a showing of irreparable harm and likelihood of success on appeal. (21-cv-0382 at DE 6 at 2-4.)

12

Neither party has fully explored the mootness argument; rather, Emigrant states that the relief Bernardin seeks is moot because EXR LLC owns the Property, not Retained, the entity from which Bernardin seeks relief.  (21-cv-0382 at DE 6 at 1-2.)

A case is constitutionally moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Paswall v. Tulis* (*In re Paswall*), No. 21-1989-bk, 2023 U.S. App. LEXIS 1600, at *1 n.1 (2d Cir. 2023).  However, the doctrine of equitable mootness applies when a district court uses its discretion to dismiss a bankruptcy appeal when implementation of effective relief would be inequitable.  *Beeman v. BGI Creditors' Liquidating Trust* (*In re BGI, Inc.*), 772 F.3d 102, 107 (2d Cir. 2014).  Courts must balance "the importance of finality in bankruptcy proceedings against the appellant's right to review and relief."  *Id; see also Deutsche Bank AG v. Metromedia Fiber Network, Inc.* (*In re Metromedia Fiber Network, Inc.*)*,* 416 F.3d 136, 145 (2d Cir. 2005) (noting that "the question is not solely whether we *can* provide relief…, but also whether we *should* provide such relief in light of fairness concerns").

If a debtor fails to obtain a stay pending appeal, then the appeal is moot "if assets in which the creditor had an interest are sold in foreclosure." *NKL Enters., LLC v. Oyster Bay Mgmt. Co., LLC*, No. 12-cv-5091 (ADS), 2013 U.S. Dist. LEXIS 59479, at *11 (E.D.N.Y. Apr. 25, 2013).  And "regardless of the merit of an appellant's challenge to a sale order, [the court] may neither reverse nor modify the judicially-authorized sale if the entity that purchased or leased the property did so in good faith *and* if no stay was granted." *In re Gucci*, 105 F.3d 837, 840 (2d Cir. 1997) (emphasis added); *see also* 11 U.S.C. § 363(m); *In re Pisces Leasing Corp.*, 66 B.R. 671, 673 (E.D.N.Y. 1986) ("[F]ailure to obtain a stay moots any appeal if, pending appeal, the sale is made to a good faith purchaser.").

13

If the appellant, like here, fails to put forth any "credible assertions of bad faith" on the entity's part, then the appeal is moot. *See Mata v. Arvest Cent. Mortg. Co.*, No. 19-cv-2846 (PKC), 2020 WL 1694314, at *5 (E.D.N.Y. Apr. 7, 2020) (holding the appeal moot because appellant failed to "put forth any credible assertions of bad faith with respect to the sale of th[e] property"); *see also St. Maarten v. Deutsche Bank Nat'l Trust Co.,* No. 19-cv-3426 (PKC), 2020 WL 1066267, at *3 (E.D.N.Y. Mar. 5, 2020) (holding the appeal as moot where appellant made "no allegations that [a]ppellees' conduct during the foreclosure sale was not in good faith").

*Wenegieme* is instructive and guides the undersigned here. There, Bankruptcy Judge Grossman granted appellee's motion for an order dismissing the bankruptcy proceeding or terminating the stay of the sale of the Property after finding abuse of the bankruptcy process by appellant. *Wenegieme v. Goldstein Grp. Holding*, No. 16-cv-5368 (JFB), 2017 U.S. Dist. LEXIS 62086, at *2 (E.D.N.Y. Apr. 21, 2017). Judge Grossman found that the Property had been sold to a third party in a public auction in the state court action and thereafter dismissed the bankruptcy proceeding. *Id.* at *3. Appellant appealed Judge Grossmann's order and filed a motion to stay that order in the District Court. *Id.* at *3-4. Then-District Judge Joseph F. Bianco denied appellant's motion on the grounds that the stay order would interfere with the foreclosure action and implicate *Rooker-Feldman* abstention and the sale of the Property to a third party rendered the action moot. *Id.* at *4.

Similarly, Bernardin failed to obtain a stay of the state court eviction order dated May 3, 2018. Indeed, Judge Grossman outrightly denied his request for a stay of that order. *See* Order, *In re Bernardin*, No. 15-72628 (REG) (Bankr. E.D.N.Y. Dec. 30, 2020), ECF No. 27. And Bernardin did not attempt to obtain a stay of Judge Grossman's denial of the stay motion in this Court. Bernardin's failure to obtain a stay at either juncture is fatal to his claims.

14

Nonetheless, even if Bernardin's failure to obtain a stay was not a bar, Bernardin's appeal remains moot. The Property had already been sold in a public auction years before Bernardin filed his motion to stay the state court eviction order—the bankruptcy case was closed in 2015, the Property was auctioned off in 2016, and the request for a stay of the eviction order in Bankruptcy Court was made on December 29, 2020. Once the state court rendered its decision to eject Bernardin from the Property, there was nothing left for the Bankruptcy Court to do and, presently, nothing left for this Court to do.

There is also no indication that Appellees pursued the sale in bad faith. Bernardin alleges that Retained, Emigrant, and EXR "committed criminal fraud…and fraudulent illegal conversion and grand larceny" when they filed false documents; that Emigrant fraudulently purchased the Property; and that the Assignment of Bid from Retained to EXR was "illegal," "fraudulent" and constituted theft. (21-cv-0382 at DE 11 at 4-5.) However, Bernardin has not provided any support for these outlandish and conclusory allegations. And it would be unfair to reverse or otherwise modify the sale made to a good faith party. *See In re Metromedia Fiber Network, Inc.* 416 F.3d at 145 (citing fairness concerns when considering whether claims are equitably moot).

Thus, Bernardin's appeal is moot because of Bernardin's failure to obtain a stay in either the bankruptcy case or the present appeal, and because the Property has already been sold. Accordingly, the undersigned respectfully recommends Judge Grossman's Orders be affirmed on this basis.

### C. Constitutional Violations

Bernardin requests a reversal of Judge Grossman's Order dated February 9, 2021 denying his motions and asserts that he had a constitutional right to a hearing on those motions. Bernardin characterizes this deprivation as one offending his right to due process and equal protection of the laws. On the other hand, Emigrant discusses Bernardin's right to freedom of

15

speech under the First Amendment and asserts that under the circumstances here there was no violation of his constitutional rights. (21-cv-1152 at DE 5 at 4 n.4.)

"Where an evidentiary hearing is not required and the appealing party fails to request an evidentiary hearing, the appealing party cannot be 'heard to complain about the lack of an evidentiary hearing.'" *Rora LLC v. 404 E. 79th St. Lender LLC*, 630 B.R. 876, 889 (E.D.N.Y. 2021) (finding that an evidentiary hearing is not required in bankruptcy court if the record allowed the court to "draw the necessary inferences"). Bernardin states that only one of several motions was heard on January 25, 2021. (21-cv-1152 at DE 4.) He asserts that the denial of his motions and the accompanying hearings amounted to a violation of his constitutional rights as well as his "right to petition [the] government [to] redress grievances and [his] right to full due process and right to equal protections of the laws." (*Id.*)

At the motion hearing on January 25, 2021, Judge Grossman expressly stated that "[t]his court has no appellate authority over state courts." *See* Motion Hearing at 15:09-15:09:03. Judge Grossman was able to draw his inferences directly from the record and a full motion hearing was not necessary to adjudicate Bernardin's motions. Thus, Bernardin's constitutional rights were not violated, and the undersigned respectfully recommends Judge Grossman's Orders should be affirmed accordingly.

**D. Non-Appearance at the Motion Hearing or, "My paralegal appeared"**

Finally, the undersigned considers Bernardin's argument that Judge Grossman's Order should be reversed because Bernardin's power of attorney appeared at the motion hearing. (21-cv-1152 at DE 4 at 4.) Emigrant contends that this is no basis for reversal and that Bernardin's power of attorney cannot act as an attorney or appear on his behalf in court. (21-cv-1152 at DE 5 at 3.)

16

"Although litigants in federal court have a statutory right to act as their own counsel, 28 U.S.C. § 1654, the statute does not permit 'unlicensed laymen to represent anyone other than themselves.'" *KLA v. Windham Southeast Supervisory Union*, 348 Fed. Appx. 604, 605-06 (2d Cir. 2009); *Casilla v. N.J. State Prison*, No. 05-cv-4590 (FLW), 2008 U.S. Dist. LEXIS 60670, at *4 (D.N.J. July 22, 2008) ("[A] paralegal, simply put, is not a licensed attorney and cannot represent anyone in any capacity.")  In fact, non-lawyers such as paralegals cannot appear in court on behalf of a client, establish an attorney-client relationship, or give legal advice.  Therese A. Cannon, *The Ethics of Working with Legal Assistants*, 19 GPSolo 20, 21 (Jan/Feb 2002).

Bernardin asserts that he was present during the conference with his legal Power of Attorney and Certified Paralegal, Nehemiah Rolle Jr., and that Judge Grossman prevented Bernardin from speaking during the hearing.  (21-cv-1152 at DE 4 at 4.)  Indeed, during the January 25, 2021 hearing, Rolle spoke on his behalf who stated "Daniel Bernardin is here…." (*Id.* at 6.)  However, it is axiomatic that paralegals cannot represent parties in court.  Bernardin should have appeared himself at the motion hearing or retained a licensed attorney.  Instead, he did neither.  Having reviewed the recording of the hearing,[4] there is no indication Bernardin himself attempted to speak but was prevented from doing so by the Judge.  It is irrelevant that Rolle has been responsible for serving all legal and court papers with Bernardin's consent.  Rolle's actions in this case do not convert him into an attorney.  In short, Bernardin's misunderstanding of, or disagreement with, the rules governing the representation of clients or his ability to speak for himself is not a credible basis for reversal.

For these reasons, the undersigned respectfully finds no clear error because Judge Grossman's denial of Bernardin's motions does not leave the present Court with a "definite and

---

[4] Available through the Clerk of the Bankruptcy Court, Eastern District of New York.

firm conviction that a mistake has been committed." *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir. 1990).

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends affirmance of the orders appealed from in cases 21-cv-1152 and 21-cv-0382.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Appellees' counsel is directed to serve copies upon *pro se* Appellant. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:     Central Islip, New York
           August 14, 2023

                                        RESPECTFULLY RECOMMENDED,

                                        /S/ *James M. Wicks*
                                        _____
                                            JAMES M. WICKS
                                            United States Magistrate Judge