UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIEL BERNARDIN,

        Appellant,

   v.

EXR LLC, *et al.*

        Appellees.
------------------------------------------------------------X

**ORDER**
21-CV-0382 (WFK) (JMW)
21-CV-1152 (WFK) (JMW)

**WILLIAM F. KUNTZ, II, United States District Judge:**

    Before the Court are two related appeals stemming from *pro se* Appellant Daniel Bernardin's ("Appellant") proceedings before the U.S. Bankruptcy Court for the Eastern District of New York. Namely, Appellant seeks review of several orders issued by the Honorable Robert E. Grossman, U.S. Bankruptcy Judge, including: (1) Judge Grossman's December 30, 2020 Order denying his motion to stay the state court eviction order, *see Bernardin v. EXR LLC, et al.*, 21-CV-0382, ECF No. 1 (Kuntz, J.) (E.D.N.Y. Jan. 22, 2021); *see also* Transmittal of Notice of Appeal, *In re Bernardin*, No. 15-72628, ECF No. 38 (Grossman, J.) (Bankr. E.D.N.Y. Jan. 22, 2021); and (2) Judge Grossman's February 9, 2021 Order denying (i) his motion to reopen his bankruptcy case including his motion to vacate the state court orders; (ii) his motion to amend the Chapter 7 Application; and (iii) his motion to avoid lien with Emigrant and debts against coop apartment shares, *see Bernardin v. EXR LLC, et al.*, 21-CV-1152, ECF No. 1 (Kuntz, J.) (E.D.N.Y. Mar. 3, 2021); *see also* Motion to Re-Open Case, *In re Bernardin*, No. 15-72628, ECF Nos. 29, 32 (Grossman, J.) (Bankr. E.D.N.Y. Dec. 18, 2020).

    Appellees Retained Realty Inc. ("Retained") and Emigrant Bank ("Emigrant") (collectively, "Appellees") oppose both Appellant's appeals. On June 29, 2021, the parties filed fully-briefed motions with respect to Appellant's first appeal, filed under docket number 21-CV-

0382 (ECF Nos. 6, 7, 9). On May 4, 2021, the parties did the same with respect to Appellant's second appeal, filed under docket number 21-CV-1152 (ECF Nos. 4, 5, 6, 7).

This Court respectfully referred both of the fully-briefed motions to the Honorable Magistrate Judge James M. Wicks for a report and recommendation ("Report") on May 23, 2023 (21-CV-382, ECF No. 12; 21-CV-1152, ECF No. 8). On August 14, 2023, Judge Wicks filed his Report recommending the Court affirm the orders appealed from in cases 21-CV-382 and 21-CV-1152 in their entirety (21-CV-382, ECF No. 13; 21-CV-1152, ECF No. 9). Namely, Judge Wicks recommends affirmance of Bankruptcy Judge Grossman's orders on the grounds (1) this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine[1] to review Judge Grossman's December 30, 2020 and February 9, 2021 orders denying Appellant's motions to vacate or otherwise modify the state court orders subject to Appellant's appeal; (2) Appellant's request for an order to stay the state court's eviction order, which Judge Grossman denied on December 30, 2020, should be denied as moot on the grounds the subject property has since been auctioned; (3) Judge Grossman's February 9, 2021 order denying Appellant's motions and his requests for evidentiary hearings did not violate Appellant's constitutional rights, contrary to his assertions; and (4) Judge Grossman's February 9, 2021 order is not subject to reversal on the grounds Appellant's power of attorney, licensed paralegal Nehemiah Rolle, Jr., appeared at a January 25, 2021 Bankruptcy Court hearing on Appellant's behalf. *See* 21-CV-382, ECF No. 13 at 10-17; 21-CV-1152, ECF No. 9 at 10-17.

---

[1] The *Rooker-Feldman* doctrine refers to the U.S. Supreme Court's rulings in *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In which, the Court held U.S. district courts lack authority to review final judgments of state courts in judicial proceedings. *Feldman*, 460 U.S. at 482.

Magistrate Judge Wicks informed the parties any written objections to his Report must be filed within 14 days of service.  *See* 21-CV-382, ECF No. 13 at 18; 21-CV-1152, ECF No. 9 at 18; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Judge Wicks further informed the parties that failure to file objections within the specified time waives the right to appeal any order or judgment entered based on the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).  No party has objected to the Report or Recommendation, nor have they otherwise responded to date.

The Court reviews a report and recommendation for clear error when no objections have been filed.  *See Covey v. Simonton,* 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007) (Garaufis, J.).  The Court finds no such error here.  The Court therefore ADOPTS Judge Wick's Report at 21-CV-382, ECF No. 13 and 21-CV-1152, ECF No. 9 in its entirety; and DENIES Appellant's briefs at 21-CV-382, ECF No. 9 and 21-CV-1152, ECF No. 4.  Accordingly, the Court also DISMISSES the cases captioned *Bernardin v. EXR LLC, et al.* filed under docket numbers 21-CV-382 and 21-CV-1152.  The Clerk of Court is respectfully directed to mail a copy of this Order to Appellant Daniel Bernardin, note the mailing on the docket, and close these cases.

                                                **SO ORDERED.**

                                                **s/WFK**

                                                _____

                                                HON. WILLIAM F. KUNTZ, II
                                                UNITED STATES DISTRICT JUDGE

Dated: August 29, 2023
       Brooklyn, New York